Wilde, J.
Upon the evidence reported, the defendant’s counsel requested the judge to instruct the jury, that if they were satisfied, that the shop let by the plaintiff to the defendant was let on the condition, that it should be kept open as a barber’s shop, and that the condition had been broken by the plaintiff, the defendant was justified in entering the shop and repossessing himself of the same, if it was done in a reasonable manner. The judge declined so to instruct the jury, but instructed them, that unless the condition were in writing, the plaintiff would be tenant at will, and entitled to three months’ notice to quit. This instruction we think was erroneous, and that the jury should have been instructed according to the request of the defendant’s counsel.
It is objected by the plaintiff’s counsel, that there was no condition proved; but the instruction prayed for was not refused on that ground. That was a question for the jury, and if the case had been left to them on that point, and they had found for the defendant, the verdict we think could not be disturbed. From the facts proved the condition might have been reasonably inferred.
But the principal argument in support of the instruction is, that the plaintiff was tenant at will, notwithstanding the paroi agreement alleged ; and was entitled to three months’ notice to quit by the Rev. Sts. c. 60, § 26. But we are of opinion, that this is not a case within the statute. If the paroi lease is terminated by the terms of the agreement between the parties, and the tenant holds over, he is a tenant at sufferance, and is not entitled to notice to quit. Hollis v. Pool, 3 Met. 350; Kinsley v. Ames, 2 Met. 29; Benedict v. Morse, 10 Met. 223.
The statute does not make void paroi leases, nor any agreement as to their termination, unless inconsistent with the *136 provision, that all estates at will may be terminated by either party, by three months’ notice to quit; but where a paroi lease is terminated by the agreement of the parties, no notice to quit is necessary. Rev. Sts. c. 60, § 26. And this construction of the statute is supported by the opinion of the court in the case of Hollis v. Pool, 3 Met. 350, although the case was decided on another ground. In delivering the opinion of the court, the chief justice remarks, that “ A paroi lease may fix the rate of rent, and the time of payment; and we see not why it may not fix the time, depending on a certain or contingent event, at which the tenancy at will shall cease. But where a tenant takes an estate, under a paroi lease, for a term certain, and actually holds during that term, although by force and effect of the statute he has been a tenant at will only, yet he is not entitled to notice to quit, being after the termination of the lease a tenant at sufferance. So if the term is made to depend upon a contingent event, on the happening of the contingency the lease is at an end by its own limitation.”
That such is the validity and effect of these paroi agreements, notwithstanding the statute, we cannot entertain a doubt; and it is conclusive in this case. If the shop was let on condition, and that condition had been broken, it terminated the estate at will; and if the tenant held over for other purposes, he was a tenant at sufferance. The statute was intended to prevent the sudden termination of a tenancy at will by one of the parties, against the will of the other, in cases where there was no valid agreement, as to its termination otherwise. A paroi lease for a time certain is not a void lease, but at the end of the term the tenant’s estate under the lease will cease, without notice or any other act by either party. The statute was not intended to change the common law in this respect; it only provides, that such a lease shall have the force and effect of a lease of an estate at will, which might be determined by either party within and during the term, by giving the notice required by the statute. With this exception a paroi lease for a term certain is as binding on the parties as a lease in writing. If, then, the parties in this case *137 agreed, at the time the lease was made, upon the condition on which the estate should terminate, the statute could have no application, after the estate had been thus terminated by the agreement of the parties.
When the plaintiff ceased to occupy the shop, for the purpose for which it was leased to him, he determined no longer to hold under the lease, and thus determined the tenancy at will on his part, in which the defendant afterwards acquiesced: and thus both parties agreed to the termination of the lease, and no notice was required by either party. If the defendant was entitled to notice from the plaintiff, he might waive notice and acquiesce in the termination of the lease by the act of the plaintiff, which we think he did by entering and taking possession of the demised premises. We therefore consider this lease as terminated by consent of parties, if in fact the shop was let on the condition alleged. The ruling of the court, therefore, that the plaintiff was entitled to notice to quit after he had ceased to occupy the premises under the lease, cannot, we think, be sustained. Exceptions sustained.